KARIN G. PAGNANELLI (174763)
    kgp@msk.com
MARC E. MAYER (190969)
    mem@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXON AMERICA INC., a Delaware corporation, and NEXON KOREA CORPORATION, a Korean corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RYAN MICHAEL CORNWALL a/k/a "Riu Kuzaki" and "Alexandria Cornwall"; YANGYU ZHOU a/k/a "Yang Yu," "W8baby," and "Gamersoul"; DOUGLAS CRANE a/k/a "DJ" and "Lonerboy"; WILLIAM "BILLY" KEISTER a/k/a "ThePhoneGuy"; AMARJOT GILL a/k/a "Alphaamar"; DEREK OSGOOD a/k/a "Jayce"; COLIN JOHNSON a/k/a "Colin_"; LINDA LIU a/k/a "linnyda942"; JEREMY SIMPSON; V.H. a/k/a "Vince"; DOE 1 a/ka/ "Bizarro" and "Andrew"; DOE 2 a/k/a "Cam1596"; and DOES 3 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:12-cv-00160-RSWL-FFM<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

**Stipulated Protective Order**

## STIPULATED PROTECTIVE ORDER

Pursuant to agreement between Plaintiffs Nexon America Inc. and NEXON Korea Corporation (collectively, "Nexon") and Defendants Ryan Michael Cornwall and Douglas Crane (collectively, "Defendants") and approval of the Court, this Protective Order, as modified, shall govern the production of Confidential documents, deposition testimony and information in this action.

### I.  GOOD CAUSE STATEMENT

Good cause exists for entry of this Protective Order because the parties to this action: (1) have sought and expect to seek in the future the discovery of certain information in this action that is sensitive, private, and confidential, or that third parties required to get involved in discovery in this action might believe is sensitive, private, and confidential, including, but not limited to, information concerning the source code underlying the parties' proprietary software, amounts paid under and other terms in confidential contracts entered into by the parties with third parties, and the financial and other terms of contracts entered into by the parties that are competitively sensitive and that would harm the parties if such terms were disclosed to their competitors; (2) believe that unrestricted disclosure or dissemination of such confidential information will cause them some business, commercial, and privacy injury; (3) desire an efficient and practicable means to designate such information as "Confidential" and thereby help ensure continued protection against unwarranted disclosure or dissemination; and (4) have agreed to such means as set forth herein.

## II. PURPOSE OF THE PROTECTIVE ORDER

The purpose of this Protective Order is to provide a means for limiting access to, and the use and disclosure of, Confidential documents, deposition testimony and information produced in this action.

## III. DESIGNATION OF CONFIDENTIAL DOCUMENTS, DEPOSITION TESTIMONY AND INFORMATION

Any party or non-party who either produces documents or information, provides written discovery responses or gives deposition testimony in this action may designate such documents, responses, deposition testimony or information as "Confidential" in accordance with the provisions of this Paragraph:

The parties and any non-party shall limit to whatever extent possible designating information as "Confidential."

### A. Criteria For Classification

A party or non-party may designate documents, deposition testimony or information as "Confidential" if the party or non-party making such designation reasonably believes that the documents, deposition testimony or information contains or discloses trade secrets or other confidential technical or commercial information that has not been made public.

### B. Time Of Designation

Unless otherwise agreed between counsel for the parties, the designation of "Confidential" documents, deposition testimony and information shall be made at the following times:

1. For documents or things, prior to providing the receiving party with a copy of any requested document or thing;

2. For declarations, written discovery responses, and pleadings, at the time of the service or filing, whichever occurs first; and

3. For deposition testimony, at the time such deposition testimony is given, by a statement designating the deposition testimony as "Confidential" made on the record or as set forth in Paragraph III(C)(4) below.

4. To the extent a party or non-party does not timely designate documents, deposition testimony or information as "Confidential," such party or non-party may so designate documents, deposition testimony or information as provided under Paragraph III(D), below.

### C. Manner Of Designation

The designation of "Confidential" documents, deposition testimony or information shall be made in the following manner:

1. For documents, placing the notation "Confidential" on each page of such document containing such "Confidential" information;

2. For tangible items, by placing the notation "Confidential" on the object or container thereof or if impracticable, as otherwise agreed by the parties;

3. For declarations, written discovery responses, court filings or pleadings, by placing the notation "Confidential" both on the face of such document and on any particular designated pages of such document; and

4. For deposition testimony, by orally designating such deposition testimony as being "Confidential" at the time the deposition testimony is given. Thereafter, the original and all copies of the "Confidential" portions of the transcript of any such deposition testimony shall be separately bound and marked by the Court Reporter with the legend "'CONFIDENTIAL" Such transcript and deposition testimony shall be disclosed and used only in accordance with the provisions of this Protective Order. At the request of Counsel for the designating party supplying the "Confidential" documents, deposition testimony or information, only persons entitled under Paragraph IV(A) hereinafter as to "Confidential" shall be permitted to attend that portion of a deposition wherever or whenever any such "Confidential" documents, deposition testimony or information of such designating party is used or elicited from the deponent.

In addition to the above, counsel for any party or non-party may designate a deposition as "Confidential" by serving upon counsel for each party a written list of the specific portions as to which such status is claimed. Such written list must be served within ten (10) business days after transmittal to counsel of the transcript of such testimony.

### D. Subsequent Designation

Failure to designate and/or mark any document, deposition testimony or information as "Confidential" shall not preclude the designating party from thereafter in good faith making such a designation and requesting the receiving party to so mark and treat such documents, deposition testimony, or information so designated. Such designation and request shall be made in writing. Once notified of the designation, the receiving party, must make reasonable efforts to assure that the document, deposition testimony or information is thereafter treated in accordance with the provisions of this Order, including making reasonable efforts

to recover and return to the designating party all non-designated versions of any document, deposition testimony, or information that contains "Confidential" information, and to notify all receivers of the non-designated versions of document, deposition testimony, or information of the designation. After such designation, such documents, deposition testimony or information shall be fully subject to this Protective Order. Provided the receiving party and its counsel act in good faith to secure compliance with the terms of this Protective Order with respect to such "Confidential" information following its designation, the receiving party and its counsel, shall incur no liability for disclosures made prior to notice of such designation. The designating party may request in writing, and the receiving party shall within 10 day of such a request provide, an identification in writing of all persons not qualified under this Protective Order who have received the "Confidential" information prior to the time it was so designated.

### E. Resolution Of Disputes Regarding Designation

The acceptance by a party of "Confidential" documents, deposition testimony or information shall not constitute an admission or concession or permit an inference that such "Confidential" documents, deposition testimony or information are, in fact, "Confidential." However, the documents, deposition testimony or information will be treated as designated unless the receiving party follows the procedures to remove, change or otherwise declassify the designation as set forth in this Paragraph.

If a receiving party, at any time, wishes to have the "Confidential" designation of any particular documents, deposition testimony or information removed or changed, that party shall comply with Local Rule 37, and first request in writing that the designating party or non-party remove its designation and state the reason therefor. Within ten (10) business days of the service of such request,

5
Stipulated Protective Order

counsel for the party or nonparty seeking confidential treatment shall serve its response in writing to any such notification by either: (i) withdrawing such designation, or (ii) sending a Local Rule 37-1 meet and confer letter, explaining why the party or non-party designating the particular documents, deposition testimony or information believes it is entitled to the designation. If after the Local Rule 37-1 meet and confer conference the parties do not otherwise resolve the dispute, counsel for the party or nonparty seeking confidential treatment may either comply with Local Rule 37-2 (Joint Stipulation) to seek permission of the Court to so designate the particular documents, deposition testimony or information. Unless otherwise extended by consent of the parties, the designating party or nonparty shall file its joint stipulation and notice of motion within 14 days of the Local Rule 37-1 meet and confer conference. The designating party or nonparty shall have the burden of proving that such particular documents, deposition testimony or information are properly designated as "Confidential" pursuant to Article III. If such application or motion is timely made, the parties shall treat the document, deposition testimony or information as originally designated until the motion is decided by the Court.

## IV. PERSONS TO WHOM CONFIDENTIAL DOCUMENTS, DEPOSITION TESTIMONY AND INFORMATION MAY BE DISCLOSED

### A. Disclosure Of Documents, Deposition Testimony And Information Designated As "Confidential"

Documents, deposition testimony or information designated by a party as "Confidential" may be disclosed and copies may be provided by the receiving party only to:

1. The receiving party's in house counsel and outside counsel, their associate counsel within their law firms, and such counsels' support staff, legal assistants and clerical personnel;

2. Any non-party support services including, but not limited to, outside copying services, and document imaging and database services, graphics or design services, jury or trial consulting services, outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action;

3. Expert witnesses or consultants retained by the receiving party or its respective attorneys in connection with this action who have complied with Paragraph IV(E), below, and the employees of such experts or consultants who are assisting them, only to the extent the information disclosed is pertinent to the expert witness' or consultant's opinions;

4. The Court, its clerks, assistants, and secretaries, and any court reporter retained to record proceedings before the Court; and

5. Up to five (5) party representatives (and such party representatives' support and clerical staff), to be designated by each party by written notice prior to the disclosure of "Confidential" information to such representative and provided that any such party representative has signed an Undertaking, as provided in Paragraph IV(B), below.

**B.  Undertaking Required By Party Receiving "Confidential" Documents, Deposition Testimony And Information**

Any recipient of another party's Confidential documents, deposition testimony and information subject to this Protective Order, except persons entitled to receive "Confidential" documents, deposition testimony and information pursuant to Paragraphs IV(A)(1),(2) or (4), prior to accepting receipt thereof, shall

be furnished with a copy of this Protective Order. Any recipient of another party's documents, deposition testimony or information subject to this Protective Order, except persons entitled to receive "Confidential" documents, deposition testimony and information pursuant to Paragraph IV(A)(1), (2) and (4), shall agree to be bound thereby by executing an agreement, in the form attached hereto, certifying that the recipient is familiar with the terms of this Protective Order and agrees to be bound by its terms and, specifically, that the recipient will not disclose any "Confidential" documents, deposition testimony and information except as provided in this Protective Order, and will not use any "Confidential" documents, deposition testimony and information except for the purpose of this litigation. A copy of such signed agreement shall be provided by the receiving party's counsel of record to the designating party counsel of record prior to providing the recipient with any "Confidential" documents, deposition testimony or information.

### C. Additional Authorized Disclosure Of Documents, Deposition Testimony Or Information Designated As "Confidential"

Notwithstanding anything to the contrary in Paragraphs IV(A) above, particular documents, deposition testimony and information that have been designated as "Confidential" may be disclosed and copies may be provided:

1. To persons who can be shown from the face of the document to have authored, prepared, reviewed, or received the document or for whom, at deposition testimony, a proper foundation has been laid establishing that the witness was a recipient of the document or the information contained within it;

2. To any other persons with the prior written consent of the party or non-party that designated such particular document, deposition testimony and information as "Confidential," and

3. To any other persons with the prior authorization of the Court.

### D. Disclosure To Expert Witnesses Or Consultants

Prior to disclosing or providing copies of any "Confidential" documents, deposition testimony and information to any expert witness or consultant pursuant to Paragraph IV(A), the person or party making such disclosure shall first obtain the agreement of the expert witness or consultant to whom such disclosure will be made to be bound by the terms of this Protective Order as set forth in the attached form agreement.

## V. USE OF "CONFIDENTIAL" DOCUMENTS, DEPOSITION TESTIMONY AND INFORMATION

### A. Use Of Designated Documents and Information

1. "Confidential" documents, deposition testimony and information shall be used by the receiving parties, their respective agents, and any other persons to whom such documents, deposition testimony and information may be disclosed pursuant to the Protective Order, for no purpose other than: (a) the prosecution or defense of this action; or (b) as otherwise compelled by lawful process (provided the designating other party is given reasonable notice to object); (c) as otherwise required by law; or (d) as permitted by the Court.

2. Notwithstanding the parties' designation of "Confidential" documents, deposition testimony or information, any Court hearing that refers to or describes "Confidential" documents, deposition testimony or information may be held in open court with records unsealed, provided the designating party is afforded reasonable notice of the receiving party's intent to disclose such "Confidential" documents, deposition testimony and information in open court, so

that the designating party has a reasonable opportunity to seek to maintain the confidentiality of the "Confidential" documents, deposition testimony or information. However, any party may request that the proceedings be conducted in camera out of the presence of any unqualified persons, and any transcript relating thereto be designated as "Confidential" and prepared in accordance with the provisions of Paragraph III(C) above.

3. In the event a party wishes to use any "Confidential" documents, deposition testimony or information of the other party in any affidavits, briefs, memoranda of law, or other papers to be filed in Court in this litigation, the party shall comply with Local Rule 79-5. Any such application pursuant to Local Rule 79-5 must show good cause for the under seal filing. The application shall be directed to the judge to whom the papers to be filed are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

4. The parties shall provide each other with a list of "Confidential" documents, deposition testimony or information to be used at trial at such time as the list of exhibits is ordered by the court to be exchanged among the parties to enable the designating party sufficient opportunity to seek a protective order. Any such "Confidential" documents, deposition testimony or information which is designated by any party to be introduced at trial may be offered into evidence in open court unless the opposing party obtains an appropriate protective order from the Court before its introduction. Should a party at trial determine that reference to previously unlisted "Confidential" documents, deposition testimony or information is necessary for impeachment or due to surprise, the provisions of Paragraph V(A)(2) shall be applied.

5. Nothing in this Protective Order shall affect the admissibility of "Confidential" documents, deposition testimony or information, or abridge the rights of any person to seek judicial review through the procedure set forth in

Mitchell
Silberberg &
Knupp LLP

4688343.1

10

**Stipulated Protective Order**

Case 2:12-cv-00160-RSWL-FFM

Local Rule 37 with respect to any ruling made by the Court concerning the issue of the status of "Confidential" documents, deposition testimony or information. This Protective Order is without prejudice to any party seeking an Order from this Court, through the procedure set forth in Local Rule 37, imposing further restrictions on the dissemination of "Confidential" documents, deposition testimony or information, or seeking to rescind, modify, alter, or amend this Protective Order with respect to specific information.

6.   In the event any person in receipt of "Confidential" documents, deposition testimony or information shall receive a written request, subpoena, or Court Order seeking disclosure of another party's "Confidential" documents, deposition testimony or information, such person shall immediately upon receipt of such request, subpoena, or Court Order, notify counsel for the designating party of the request, subpoena, or Court Order, and shall provide counsel for the designating party with a copy of the same, unless prohibited by law.

7.   A party producing any document or thing for inspection may retain the original of such document or thing which is subject to this Protective Order, but the receiving party, by its counsel of record, shall have the right to examine the original, to be provided with a full and complete copy thereof at its expense, and to call for production of the original at the trial of this action, if reasonably necessary.

## VI. DOCUMENTS, DEPOSITION TESTIMONY AND INFORMATION EXCLUDED FROM PROTECTIVE ORDER

The obligations relating to any document, deposition testimony or information subject to this Protective Order shall not apply to any document, deposition testimony or information designated as being subject to this Protective Order which: (a) was lawfully in the receiving party's possession prior to the receipt from the supplying party; (b) became public knowledge by means not in

1  violation of the provisions of this Protective Order; (c) was, or is hereafter,
2  obtained from a source or sources not under an obligation of secrecy to the other
3  party; (d) is discovered independently by the receiving party; or (e) is exempted
4  from the provisions of this Protective Order by written consent of the party
5  producing such "Confidential" documents, deposition testimony or information.
6      Notwithstanding the provisions of Article III above, nothing herein shall
7  prevent any producing party from using or disclosing its own "Confidential"
8  documents, deposition testimony or information as it deems appropriate. Nothing
9  in this Order shall preclude any party from showing an employee of a designating
10 party at a deposition of that employee any "Confidential" documents, deposition
11 testimony or information of the designating party.
12
13 **VII.  RETURN OF DOCUMENTS, DEPOSITION TESTIMONY OR**
14       **INFORMATION**
15
16     Within sixty (60) days after conclusion of litigation, outside counsel for each
17 receiving party or other individual subject to this Protective Order (which does not
18 include the Court and Court personnel) shall be under an obligation to assemble
19 and return to the designating party, or to destroy (and certify the destruction)
20 should the designating party so permit, any document, deposition testimony and
21 information subject to this Protective Order and all copies thereof. Any copy of
22 any document, deposition testimony or information designated by the opposing
23 party as "Confidential" containing notes of outside counsel may be destroyed
24 rather than returned. Notice of the return or destruction of any "Confidential"
25 document, deposition testimony or information shall be made in writing, and notice
26 of receipt thereof shall be acknowledged in writing. Notwithstanding the foregoing
27 provisions of this Paragraph, outside counsel shall be entitled to retain all
28 memoranda or reports prepared by them or any expert witness or consultant which

contain "Confidential" documents, deposition testimony or information and litigation documents containing "Confidential" documents, deposition testimony or information which become part of the record of this action, including pleadings, briefs, deposition transcripts and exhibits, but such litigation documents shall be used only for the purpose of preserving a record of the action, and shall not, without the written permission of the opposing party or an order of this Court, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Protective Order, during the course of this action.

## VIII. SURVIVAL

All obligations and duties arising under this Protective Order shall survive as stated herein until the commencement of trial in this action. In advance of trial, any party to this Protective Order may move the Court to maintain the confidentiality of any document or information governed by this Protective Order, upon a showing of good cause to the district judge. In the event this action terminates prior to the commencement of trial, this Protective Order shall survive the termination of this action. The Court retains jurisdiction over the parties hereto indefinitely with respect to any dispute regarding the improper use of "Confidential" documents, deposition testimony or information disclosed under protection of this Protective Order.

## IX. INADVERTENT PRODUCTION

The inadvertent or mistaken disclosure of any "Confidential" documents, deposition testimony or information by a producing party, without the designation required under Article II, above, shall not constitute a waiver of any claim that the

1  inadvertently disclosed material is entitled to protection under this Order, if such
2  inadvertent or mistaken disclosure is brought to the attention of the receiving party
3  promptly after the producing party's discovery of such disclosure. Along with
4  notice of inadvertent or mistaken disclosure, the producing party shall provide
5  properly marked documents to each party to whom "Confidential" documents,
6  deposition testimony or information was inadvertently disclosed; and upon receipt
7  of these properly marked documents, the receiving party shall return to the
8  producing party, or destroy, the improperly marked documents that were initially
9  produced, along with any copies or duplicates thereof.
10       If a party through inadvertence produces or provides discovery which it
11 believes is subject to a claim of attorney-client privilege or work product
12 immunity, the producing party may give written notice to the receiving party or
13 parties that the document or thing is subject to a claim of attorney-client privilege
14 or work product immunity and request that the document or thing be returned to
15 the producing party. The receiving party or parties shall promptly return to the
16 producing party such document or thing, including all copies of such document or
17 thing, and portions thereof, and shall not retain any copies thereof. Return of the
18 document by the receiving party shall not constitute an admission or concession, or
19 permit any inference, that the returned document or thing is, in fact, properly
20 subject to a claim of attorney-client privilege or work product immunity nor shall it
21 foreclose any party from moving the Court for any order that such document or
22 thing has been improperly designated or should be producible for reasons other
23 than a waiver caused by the inadvertent production.

## X.  NO IMPLIED WAIVER OR ADMISSION

No party shall be obligated to challenge the propriety of any designation of "Confidential" documents, deposition testimony or information by another party or

non-party, and the failure to do so shall not constitute a waiver or otherwise preclude a subsequent challenge to the designation.

## XI. NOTICE AND SERVICE

For purposes of any provisions in this Protective Order requiring or permitting service of a notice, objections, requests, responses, designations or the like, service shall be accomplished either by email or by overnight delivery via a commercial delivery service to all counsel of record. When served via email, service shall be deemed complete on the date of transmission if the electronic transmission occurs before 5:00 p.m. Pacific time; otherwise, service shall be deemed complete the next business day. Service via overnight delivery shall be deemed complete upon delivery.

IT IS SO ORDERED this 25th day of June, 2012.

_____
FREDERICK F. MUMM
U.S. Magistrate Judge

# AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I have read the Stipulated Protective Order governing the production of "Confidential" documents, deposition testimony and other information in the above-captioned matter ("Order"). I understand the terms of the Order and agree to be fully bound by them, specifically, that I will not disclose any "Confidential" documents, deposition testimony and information except as provided in the Order, and will not use any "Confidential" documents, deposition testimony and information except for the purpose of this litigation. I hereby submit to the jurisdiction of the U.S. District Court, Central District of California, for purposes of enforcement of the Order. I understand that any violation of the terms of the Order may be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

Date: _____     Signature: _____