KARIN G. PAGNANELLI (SBN 174763),
kgp@msk.com
MARC E. MAYER (SBN 190969),
mem@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone:  (310) 312-2000
Facsimile:   (310) 312-3100

Attorneys for Plaintiffs,
Nexon America Inc. and NEXON Korea Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXON AMERICA, INC., a Delaware corporation, and NEXON KOREA CORPORATION, a Korean corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>RYAN MICHAEL CORNWALL a/k/a "Riu Kuzaki" and "Alexandria Cornwall"; YANGYU ZHOU a/k/a "Yang Yu," "W8baby," and "Gamersoul"; DOUGLAS CRANE a/k/a "DJ" and "Lonerboy"; WILLIAM "BILLY" KEISTER a/k/a "ThePhoneGuy"; AMARJOT GILL a/k/a "Alphaamar"; DEREK OSGOOD a/k/a "Jayce"; COLIN JOHNSON a/k/a "Colin_"; LINDA LIU a/k/a "linnyda942"; JEREMY SIMPSON; V.H. a/k/a "Vince"; DOE 1 a/k/a "Bizarro" and "Andrew," DOE 2 a/k/a "Cam1596," and DOES 3 through 10, inclusive,<br><br>    Defendants. | CASE NO.  2:12-cv-00160 GW (FFMx)<br><br>Honorable George W. Wu<br><br>**JUDGMENT AND PERMANENT INJUNCTION AS TO DEFEDANT DOUGLAS CRANE** |

Mitchell
Silberberg &
Knupp LLP

4951233.2

Plaintiffs Nexon America Inc. and NEXON Korea Corporation ("Nexon") and Defendant Douglas Crane ("Defendant"), having entered into a Stipulation for Entry of Judgment and Permanent Injunction,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Judgment shall be entered against Defendant in the amount of seven hundred fifty thousand dollars ($750,000).

2. Defendant and all persons acting under Defendant's direction or control (including but not limited to his agents, representatives and employees), shall immediately and permanently cease and desist from:

    A.    obtaining, possessing or accessing any unauthorized software the use of which infringes any of Nexon's Intellectual Property Rights (as defined below), circumvents technological measures that control access to Nexon's computer games, or violates the TOU, including but not limited to the Bizarro Trainer, RiPE, RiME, or any other MapleStory "bot" or trainer software, packet editor, hack, or cheating software;

    B.    taking any steps on his own behalf or assisting others in creating, distributing or otherwise making available any software the use of which infringes any of Nexon's Intellectual Property Rights, circumvents technological measures that control access to Nexon's computer games, or violates the TOU, including but not limited to the Bizarro Trainer, RiPE, RiME, or any other MapleStory "bot" or trainer software, packet editor, hack, or cheating software;

    C.    selling, reselling, or processing payments for any software, the use of which infringes any of Nexon's Intellectual Property Rights, circumvents technological measures that control access to Nexon's computer games, or violates the TOU, including but not limited to the Bizarro Trainer, RiPE, RiME, or any other MapleStory "bot" or trainer software, packet editor, hack, or cheating software;

    D.    assisting in any way the development of any software the use of which infringes any of Nexon's Intellectual Property Rights, circumvents technological measures that control access to Nexon's computer games, or violates the TOU, including but not limited to the Bizarro Trainer, RiPE, RiME, or any other MapleStory "bot" or trainer software, packet editor, hack, or cheating software;

    E.    sharing, copying, or distributing any software the use of which infringes any of Nexon's Intellectual Property Rights, circumvents technological measures that control access to Nexon's computer games, or violates the TOU, including but not limited to the Bizarro Trainer, RiPE, RiME, or any other MapleStory "bot" or trainer software, packet editor, hack, or cheating software;

    F.    operating, assisting, or linking to any website (including www.w8baby.com or www.gamersoul.com) designed to provide information to assist others in developing or obtaining any software the use of which infringes any of Nexon's Intellectual Property Rights, circumvents technological measures that control access to Nexon's computer games, or violates the TOU, including but not

limited to the Bizarro Trainer, RiPE, RiME, or any other MapleStory "bot" or trainer software, packet editor, hack, or cheating software;

  G. investing or holding any financial interest in any enterprise which Crane knows is now, or planning in the future, to engage in any of the activities prohibited by this Paragraph;

  H. knowingly allowing any persons or entities which Crane controls, either directly or indirectly, to engage in any of the activities prohibited by this Paragraph; or

  I. making any statements, including anonymous statements, including but not limited to any postings, messages, or e-mails on the Internet, related to this Settlement Agreement or any conversations or correspondence with Nexon personnel, employees, representatives, agents or attorneys, unless authorized by Nexon.

3. Any company or entity that Defendant owns or operates in the future shall also comply with the provisions of this Permanent Injunction.

4. Defendant irrevocably and fully waives notice of entry of the Judgment and Permanent Injunction and notice and service of the entered Judgment and Permanent Injunction and understands, confirms, and agrees that violation of the Permanent Injunction will expose Defendant to all penalties provided by law, including contempt of Court.

5. Defendant irrevocably and fully waives any and all rights to appeal this Judgment, to have it vacated or set aside, to seek or obtain a new trial thereon,

Mitchell Silberberg & Knupp LLP

4951233.2

or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

6. Nothing contained in this Judgment shall limit the right of Nexon to seek relief, including without limitation, damages, for any and all infringements by Defendant of Nexon's copyrighted works occurring after the date of this Judgment.

7. This Judgment and Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

8. The Court finds there is no just reason for delay in entering this Judgment and Permanent Injunction and, pursuant to Federal Rule of Civil Procedure 54(a), the Court directs immediate entry of this Judgment and Permanent Injunction against Defendant.

9. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment and Permanent Injunction.

IT IS SO ORDERED.

Dated: January 3, 2013

_____
Honorable George W. Wu
United States District Judge

Mitchell Silberberg & Knupp LLP

4951233.2

4