1  KARIN G. PAGNANELLI (SBN 174763)
   kgp@msk.com
2  MARC E. MAYER (SBN 190969)
   mem@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
4  Los Angeles, California 90064-1683
   Telephone:  (310) 312-2000
5  Facsimile:   (310) 312-3100

6  Attorneys for Plaintiffs Nexon America Inc.
   and NEXON Korea Corporation
7

8               UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  NEXON AMERICA INC., a Delaware corporation, and NEXON KOREA CORPORATION, a Korean corporation,<br>13          Plaintiffs,<br>14      v.<br>15  RYAN MICHAEL CORNWALL a/k/a "Riu Kuzaki" and "Alexandria Cornwall"; YANGYU ZHOU a/k/a "Yang Yu," "W8baby," and "Gamersoul"; DOUGLAS CRANE a/k/a "DJ" and "Lonerboy"; WILLIAM "BILLY" KEISTER a/k/a "ThePhoneGuy"; AMARJOT GILL a/k/a "Alphaamar"; DEREK OSGOOD a/k/a "Jayce"; COLIN JOHNSON a/k/a "Colin_"; LINDA LIU a/k/a "linnyda942"; JEREMY SIMPSON; V.H. a/k/a "Vince"; DOE 1 a/k/a "Bizarro" and "Andrew," DOE 2 a/k/a "Cam1596," and DOES 3 through 10, inclusive<br>          Defendants. | CASE NO.  2:12-cv-00160 JGB (FFMx)<br>The Honorable Jesus G. Bernal<br>**STIPULATION FOR ENTRY OF JUDGMENT AND PERMANENT INJUNCTION**<br>[PROPOSED JUDGMENT AND PERMANENT INJUNCTION LODGED CONCURRENTLY HEREWITH] |

STIPULATION FOR ENTRY OF JUDGMENT

5348489.1

Plaintiffs Nexon America Inc. and NEXON Korea Corporation (collectively, "Nexon") and Defendant Ryan Michael Cornwall, a/k/a "Riu Kuzaki" a/k/a Alexandria Cornwall ("Defendant") hereby stipulate to an order for entry of judgment and permanent injunction as follows:

1. Judgment shall be entered against Defendant in the amount of seven hundred fifty thousand dollars ($750,000).

2. Defendant and all persons acting under Defendant's direction or control (including but not limited to Defendant's agents, representatives and employees), shall immediately and permanently cease and desist from:

    A. obtaining, possessing or accessing any unauthorized software the use of which infringes any of Nexon's Intellectual Property Rights (as defined below), circumvents technological measures that control access to Nexon's computer games, or violates the TOU, including but not limited to the Bizarro Trainer, RiPE, RiME, or any other MapleStory "bot" or trainer software, packet editor, hack, or cheating software;

    B. taking any steps on Defendant's own behalf or assisting others in creating, distributing or otherwise making available any software the use of which infringes any of Nexon's Intellectual Property Rights, circumvents technological measures that control access to Nexon's computer games, or violates the TOU, including but not limited to the Bizarro Trainer, RiPE, RiME, or any other MapleStory "bot" or trainer software, packet editor, hack, or cheating software;

1  C.  selling, reselling, or processing payments for any software, the use of
2      which infringes any of Nexon's Intellectual Property Rights,
3      circumvents technological measures that control access to Nexon's
4      computer games, or violates the TOU, including but not limited to the
5      Bizarro Trainer, RiPE, RiME, or any other MapleStory "bot" or
6      trainer software, packet editor, hack, or cheating software;

8  D.  assisting in any way the development of any software the use of which
9      infringes any of Nexon's Intellectual Property Rights, circumvents
10     technological measures that control access to Nexon's computer
11     games, or violates the TOU, including but not limited to the Bizarro
12     Trainer, RiPE, RiME, or any other MapleStory "bot" or trainer
13     software, packet editor, hack, or cheating software;

15 E.  sharing, copying, or distributing any software the use of which
16     infringes any of Nexon's Intellectual Property Rights, circumvents
17     technological measures that control access to Nexon's computer
18     games, or violates the TOU, including but not limited to the Bizarro
19     Trainer, RiPE, RiME, or any other MapleStory "bot" or trainer
20     software, packet editor, hack, or cheating software;

22 F.  operating, assisting, or linking to any website (including
23     www.w8baby.com or www.gamersoul.com) designed to provide
24     information to assist others in developing or obtaining any software
25     the use of which infringes any of Nexon's Intellectual Property
26     Rights, circumvents technological measures that control access to
27     Nexon's computer games, or violates the TOU, including but not

       limited to the Bizarro Trainer, RiPE, RiME, or any other MapleStory "bot" or trainer software, packet editor, hack, or cheating software;

G.   investing or holding any financial interest in any enterprise which Defendant knows is now, or planning in the future, to engage in any of the activities prohibited by this Paragraph;

H.   knowingly allowing any persons or entities which Defendant controls, either directly or indirectly, to engage in any of the activities prohibited by this Paragraph; or

I.   making any statements, including anonymous statements, including but not limited to any postings, messages, or e-mails on the Internet, related to this Settlement Agreement or any conversations or correspondence with Nexon personnel, employees, representatives, agents or attorneys, unless authorized by Nexon.

3.   Any company or entity that Defendant owns or operates in the future shall also comply with the provisions of this Permanent Injunction.

4.   Defendant irrevocably and fully waives notice of entry of the Judgment and Permanent Injunction and notice and service of the entered Judgment and Permanent Injunction and understands, confirms, and agrees that violation of the Permanent Injunction will expose Defendant to all penalties provided by law, including contempt of Court.

5. Defendant irrevocably and fully waives any and all rights to appeal this Judgment, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

6. Nothing contained in this Judgment shall limit the right of Nexon to seek relief, including without limitation, damages, for any and all infringements by Defendant of Nexon's copyrighted works occurring after the date of this Judgment.

7. This Judgment and Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

8. The Court finds there is no just reason for delay in entering this Judgment and Permanent Injunction and, pursuant to Federal Rule of Civil Procedure 54(a), the Court directs immediate entry of this Judgment and Permanent Injunction against Defendant.

9. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or

//
//
//
//
//
//
//
//

1 | appropriate to implement and enforce the provisions of this Judgment and
2 | Permanent Injunction.
3 |
4 |     SO STIPULATED.
5 |
6 | DATED:  June 4, 2013       MITCHELL SILBERBERG & KNUPP LLP
7 |
8 |        By: _____
9 |        Marc E. Mayer
       Attorneys for Plaintiffs

10 | DATED:  June 4, 2013
11 |
12 |        By: _____
       Ryan Cornwall a/k/a Alexandria
13 |        Cornwall
       Defendant